UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JIMMY ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:07-CV- 486 JVB |
| | ) | |
| BAYER HEALTHCARE, LLC., and | ) | |
| THERESA ENGLEBRECHT, in her official | ) | |
| capacity,[1] | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

**A.    Background**

Plaintiff, Jimmy Robinson, worked for Defendant Bayer Healthcare, LLC, for twenty-two years. On September 5, 2006, however, he was fired by Human Resources Manager Theresa Englebrecht for refusing a drug and alcohol test. The Plaintiff claims that he did not refuse the test but that he was terminated as a result of Bayer Healthcare's racially discriminatory policies and practices.

On October 30, 2006, the Plaintiff filed a charge of discrimination with the Equal Opportunity Employment Commission ("EEOC"):

> I was discharged from my position of D.C.A. Operator on September 5, 2006. I had worked for the company for 22 years.
> The company stated that I was discharged for refusing to take an alcohol test. The Human Resource Manager with the company had alleged that she smelled alcohol on my breath.
> I believe that I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, in that I was discharged because of my

---

[1]Naming Theresa Englebrecht as a defendant in her official capacity is just another way of saying that the lawsuit is against Bayer Healthcare whose agent she is. *See infra* at 3–4. Although it is redundant to use both names in the caption of the case, for the purpose of this order the Court will follow the captioning supplied by the parties.

> race, Black. I did not refused [sic] to take the test, as alleged. I could not comply with the request for a urine test, however, the company did not test me using other methods. Other employees have been placed on last chance agreements while I was not given this option.

(Defs' Ex. Supp. Mot. Dismiss at 1).

EEOC dismissed the charge on July 18, 2007, and issued a right-to-sue letter. Consequently, the Plaintiff filed a five-count complaint in this Court alleging that Bayer Healthcare violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981, and the First Amendment to the United States Constitution, and breached its contractual obligations to him. In the Complaint, the Plaintiff states that he is suing Englebrecht in her official capacity.

In count one, the Plaintiff claims that Bayer Healthcare fired him because he was black. He disputes Bayer Healthcare's stated reason that he was fired for violating its Program on Alcohol and Drug Abuse ("PADA"). In count two, the Plaintiff claims that PADA violates Title VII. According to him, Bayer Healthcare's enforcement of PADA constituted a pattern and practice of racial discrimination and harassment. In count three, the Plaintiff charges that Bayer Healthcare has a pattern and practice of treating white employees more favorably than black employees in administering, applying, and enforcing discipline under the Collective Bargaining Agreement and company rules. In count four, the Plaintiff further maintains that Bayer Healthcare has a pattern and practice of opposing the payment of unemployment benefits and refusing to grant severance and other benefits to discharged employees because of their race. Finally, in count five, the Plaintiff states that Bayer Healthcare breached his employment contract by discharging him in retaliation for his refusing to give Bayer Healthcare information about his coworkers' personal conduct.

Bayer Healthcare moved to dismiss all five counts against Englebrecht, and counts two through five against Bayer Healthcare.[2] The parties having briefed the motion, it is now ripe for ruling.

**B. Legal Standard**

Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is warranted if, upon reviewing the complaint, the court determines that no viable cause of action exists. *Greene v. Finely*, 749 F.2d 467, 468 (7th Cir. 1984). To avoid dismissal, a plaintiff must allege facts sufficient to outline his cause of action. *Marmon Group, Inc. v. Rexnord, Inc.*, 822 F.2d 31, 34 (7th Cir. 1987). The complaint is properly dismissed if the plaintiff fails to allege that he can prove an essential element of the case. *La Porte County Republican Cent. Comm. v. Bd. of Comm's of County of La Porte*, 43 F.3d 1126, 1129 (7th Cir. 1994).

**C.   Discussion**

**(1)   *Plaintiffs Claims Against Englebrecht in Her Official Capacity***

In the Complaint, the Plaintiff states specifically that his claims against Englebrecht are in her official capacity. Nevertheless, apparently worried that she is being sued personally, Englebrecht moved to dismiss all claims against her. As it turned out, her concern was not entirely unfounded as, in his Response, the Plaintiff argues that the Complaint does indeed state claims against her personally.

---

[2]Again, the motion to dismiss all counts against Englebrecht but only counts two through five against Bayer Healthcare denotes certain confusion as to who the defendants in this case are. The Court deals with this subject later in the opinion.

The Plaintiff may have wished to bring claims against Englebrecht personally but the Complaint unambiguously states that claims against her are in her official capacity only. An official capacity claim is just another way of stating a claim against the principle of which an official is an agent. *See e.g., DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 975 n.1 (7th Cir. 2000) ("An official capacity suit is the same as a suit against the entity of which the officer is an agent."). In this case, bringing claims against Englebrecht in her official capacity is just a redundant way to sue Bayer Healthcare. And in any case, the Plaintiff cannot bring Title VII or § 1981 claims against Englebrecht personally, *see EEOC v. AIC Sec. Investigations*, 55 F.3d 1276, 1281 (7th Cir. 1995), and cannot state a claim for breach of contract without first alleging that she was contractually obliged to him.

In short, there are no claims against Englebrecht because she is not a party to the suit. Nevertheless, insofar as the parties believe that Englebrecht has been sued in her individual capacity, all claims against her are dismissed.

**(2)**     *Counts Two and Three*

In counts two and three, the Plaintiff claims that Bayer Healthcare has a pattern and practice of treating white employees more favorably than black employees and enforcing PADA against black employees in a discriminatory and harassing manner. However, both practice and pattern claims are beyond the scope of the EEOC charge and must be dismissed accordingly.

> An aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination. This limitation is consistent with the principle of primary jurisdiction in the agency, for it gives the employer some warning of the conduct about which the employee is aggrieved, and it affords the agency and the employer an opportunity to attempt conciliation without resort to the courts.

*Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). Yet, the Plaintiff is doing just that: he alleges pattern and practice discrimination in the Complaint for the first time without having alleged the same in the EEOC charge. (*See* Def. Ex. 1, EEOC Charge at 1.) Claims not brought in the EEOC charge may only be brought in subsequent lawsuit if they are "like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (citations omitted). Where, as here, a plaintiff's EEOC charge does not refer to a pattern and practice discrimination but is limited to discrimination against the plaintiff only, pattern and practice claims are not reasonably related to the EEOC charge. *See Hamilton v. Summers*, 95 F. Supp. 2d 908, 912 (N.D. Ill. 2000) (dismissing pattern and practice claims where the Plaintiff's EEOC charge did not set forth a claim of class-wide discrimination, but to the contrary alleged that the plaintiff was the only victim of the alleged discriminatory conduct). Accordingly, the Court will dismiss counts two and three.

**(3)   *Count Four***

In count four, the Plaintiff alleges that Bayer Healthcare maintained a pattern and practice of opposing the payment of unemployment benefits and refusing severance and other benefits to discharged employees on the basis of their race. Bayer Healthcare asks the Court to dismiss this count because here, too, the pattern and practice claims are beyond the scope of the EEOC charge, and because the subject matter itself—the allegation that Bayer Healthcare discriminated against the Plaintiff because of his race by opposing the payment of unemployment benefits and by refusing to grant him severance payment—is beyond the

protection of Title VII and § 1981.

In his response, the Plaintiff fails to address these arguments and, effectively, concedes that count four may be dismissed. Therefore, the Court will dismiss count four of the Complaint.

**(4)** *Count Five*

In count five, the Plaintiff states that Bayer Healthcare breached Plaintiff's employment contract by wrongfully discharging him in retaliation for his refusing to give Bayer Healthcare information about the personal conduct of coworkers.

In its motion to dismiss, Bayer Healthcare correctly notes that count five alleges a breach of a Collective Bargaining Agreement between Bayer Healthcare and United Steelworkers AFL-CIO-CLC on behalf of Local Union No. 12273, which governed the Plaintiffs employment terms. The exclusive avenue for that claim (once Plaintiff has exhausted the collective bargaining agreement's grievance procedure) is § 301 of the Labor-Management Relations Act. *See* 20 U.S.C. § 185(a). Under that section, the Plaintiff must have alleged that his union breached its fiduciary duty of fair representation, *see, e.g., Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1179 (7th Cir. 1993), which the Plaintiff has not done.

Moreover, in his response to Bayer Healthcare's motion, the Plaintiff ignores its arguments and insists without any foundation in the Complaint that count five states a claim for race discrimination because Bayer Healthcare has refused to give him a second chance as required by PADA, while honoring the same requirement in cases involving white employees. The problem with this response is that it does not pertain to the allegations in count five. Count five makes no mention of PADA or any second chance opportunities and there is nothing in

count five from which the Court can infer anything but an allegation that Bayer Healthcare breached its contract when the Plaintiff refused to provide information on his coworkers' conduct. Therefore, count five will also be dismissed.

### D.     Conclusion

For these reasons, the Court grants Defendant Bayer Healthcare's Partial Motion to Dismiss Plaintiff's Complaint (DE 11) and dismisses counts two, three, four, and five of the Complaint. And again, insofar as the parties believe that Englebrecht has been sued in her individual capacity, counts one, two, three, four, and five against her are dismissed.

SO ORDERED on May 29, 2008.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE