# United States District Court
# Northern District of Indiana
# Hammond Division

| JIMMY ROBINSON, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | Case No.: 3:07-CV-486 JVB |
| BAYER HEALTH CARE LLC, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On May 29, 2008, the Court granted the Defendant's motion to dismiss Count IV, among others, of the original Complaint. On November 10, 2008, the Plaintiff filed a Second Amended Complaint, the contents of which included the previously dismissed Count IV.

On December 9, 2008, the Defendant filed a partial motion to dismiss stating that Count IV of the Plaintiff's Second Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 41(b). On December 19, 2008, the Plaintiff asked for the Court to specify that Count IV was dismissed on May 29, 2008, without prejudice and, alternatively, for the Court to reconsider the claim.

Federal Rule of Civil Procedure 41(b) provides that "unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication on the

merits." *See also LeBeau v. Taco Bell, Inc.*, 892 F.2d 605, 608 (7th Cir. 1989) (holding the dismissal to be an adjudication on the merits because it did not specify otherwise).

In dismissing Count IV on May 29, 2008, the Court stated:

> "Bayer Healthcare asks the Court to dismiss this count because . . . the pattern and practice claims are beyond the scope of the EEOC charge, and because the subject matter . . . is beyond the protection of Title VII and § 1981. In his response, the Plaintiff fails to address these arguments and, effectively, concedes that count four may be dismissed. Therefore, the Court will dismiss count four of the Complaint . . . For these reasons, the Court grants Defendant Bayer Healthcare's Partial Motion to Dismiss Plaintiff's Complaint and dismisses counts two, three, four, and five of the Complaint."

(May 29, 2008, DE 20, at 5–7.) Since the Court did not specify otherwise, the dismissal of Count IV was adjudicated on the merits with prejudice. That much is evident from the body of the opinion itself.

Alternatively, the Plaintiff asks the Court to reconsider the dismissal of Count IV. Although motions for reconsideration are not specifically authorized by the Federal Rules of Civil Procedure, the Seventh Circuit and this district apply Rule 59(e) standards to these motions. *Wagner v. Nutrasweet Co.*, 873 F. Supp. 87, 101–02 (N.D. Ill. 1994); *see also Quaker Alloy Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 n.9 (N.D. Ill. 1988). The Seventh Circuit has discussed the role of the motion to reconsider:

> A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citations omitted).

However useful motions for reconsideration may be, the situations that justify such motions "rarely arise and the motion to reconsider should be equally rare." *Id.* Motions for reconsideration "are not at the disposal of parties who want to 'rehash' old arguments . . . and such motions are not appropriate vehicles for introducing evidence that could have been produced prior to the entry of judgment or for tendering new legal theories for the first time." *Wagner*, 873 F. Supp. at 101–02 (citations omitted).

In his motion to reconsider, the Plaintiff does not present any new facts that were not available earlier or any new law so as to compel a reconsideration of the Court's decision. Accordingly, the Court denies the Plaintiff's request (DE 42) to specify that Count IV was dismissed without prejudice and, alternatively, to reconsider the claim.

SO ORDERED on July 24, 2009.

                                                  s/ Joseph S. Van Bokkelen  
                                                  JOSEPH S. VAN BOKKELEN  
                                                  UNITED STATES DISTRICT JUDGE